## STEVENS v. RICHARDSON et al. (GULLETT GIN CO., Intervener).

### No. 1382.

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1934.

Reid & Reid, Rownd & Warner, of Hammond, for plaintiff.

Porteous, Johnson & Humphrey, of New Orleans, for intervener.

Carter & Carter and Ott & Johnson, all of Franklinton, and Edw. Rightor and E. V. Parham, both of New Orleans, for defendants.

ELLIOTT, Judge.

Van Buren Stevens, an employee of Gullett Gin Company, was killed by an electric shock received while working for his employer in a gin belonging to Walton J. Richardson. The

gin was operated by electric power furnished by Louisiana Public Utilities Company, Inc. Stevens was not working for Richardson nor for Louisiana Public Utilities Company, Inc., at the time he was killed, but for Gullett Gin Company. His death occurred on August 17, 1933. Mrs. Emma Erwin Stevens, widow of the decedent, individually and as natural tutrix of Alfred, Alma Louise, and Sidney Allen Stevens, all minors, born of her marriage with said Stevens, brought suit against Louisiana Public Utilities Company, Inc., and Walton J. Richardson claiming of them damages to the extent of $25,000 on account of his death.

She alleges that her husband's death was caused by defective wiring system outside the gin, belonging to and furnished by Louisiana Public Utilities Company, Inc., for the purpose of operating the gin machinery, combined with defects in the connections and wiring system belonging to Walton J. Richardson used inside the gin.

Louisiana Public Utilities Company, Inc., and Walton J. Richardson excepted to her petition on the ground that it was vague, indefinite, and set forth no right or cause of action. The court required the plaintiff to amend her petition. The order was complied with and upon which the exceptions were overruled, and there is no further complaint on that account.

Gullett Gin Company intervened in the suit, joining the plaintiff in her demand against Louisiana Public Utilities Company, Inc., and Walton J. Richardson.

Louisiana Public Utilities Company, Inc., and Walton J. Richardson, answering separately the demand of the plaintiff and intervener, each denied the negligence alleged against them, respectively, and alleged that plaintiff's husband lost his life while engaged in his work for Gullett Gin Company and as the result of a defective drill furnished him by Gullett Gin Company with which to do his work.

The lower court, assigning reasons, rendered judgment in favor of the defendants, rejecting plaintiff's and intervener's demand, Mrs. Stevens, the plaintiff, and Gullett Gin Company, intervener, appealed.

Mrs. Emma Erwin Stevens and Walton J. Richardson have not filed briefs, but the contentions of Mrs. Stevens may be gathered from Gullett Gin Company brief and those of Richardson from the brief of the other defendant.

A cotton gin belonging to and operated by Richardson at Franklinton, La., was run by electric power. Van Buren Stevens, while working in the gin for Gullett Gin Company, was instantly killed by receiving in his body an electric current. The facts in the record show that his death was the result of fault and neglect on the part of somebody. The only question before us is whether it was caused or brought about by the fault or neglect of Louisiana Public Utilities Company, Inc., or of Walton J. Richardson.

The testimony of J. J. Wallace, J. G. Kopfler, and Pink Morgan, employees of Gullett Gin Company, engaged with Stevens in doing certain work in the gin for their employer and who were standing by and helping him at the time he was killed, in stating what he was doing at the time it occurred, is accepted as true.

As for the condition of the wires leading from the outside into the gin and the connections and wiring inside the gin and opinions concerning the cause of the shock, we have the testimony of A. P. Wood, H. R. Bodenmuller, and H. L. McLean, experts on the subject of electric power. No one of them was disinterested. None of them were selected or appointed by the court. One of them was hired and sent to the scene to make an examination for the purpose of testifying in the case by the intervener. The other two were in the regular service and employment of Louisiana Public Utilities Company, Inc. The testimony of each of them is in part opinion and in part facts, which they claim existed. There is some difference between them, not only in the matter of opinion, but concerning the condition of the wires and connections outside and inside the gin. We are satisfied that the electric wires outside, which conduct the electric current into the gin, were defective and not in first-class condition, but the evidence does not indicate that such caused or contributed to bring about the accident. We are satisfied that the wiring and sockets inside the gin, and which were used to convey the current into the electric drill, which was being used, were defective and not in first-class condition, and the wire, which carried current to the drill, should have been and was not grounded, but the evidence does not indicate any condition, fault, or neglect in this respect caused or contributed to bring about the accident. It will therefore serve no useful purpose to pursue the inquiry any further. The judgment appealed from is in our opinion correct.

Judgment affirmed. Cost to be paid as ordered by the lower court with cost of appeal added.